ORAL ARGUMENT SCHEDULED ON APRIL 1, 2016
No. 15-5199
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

UNITED STATES ASSOCIATION OF REPTILE KEEPERS, INC., ET AL.,
*Plaintiffs/Appellees*

v.

SALLY JEWELL, THE HONORABLE, IN HER OFFICIAL CAPACITY AS THE SECRETARY OF
THE INTERIOR AND UNITED STATES FISH AND WILDLIFE SERVICE,
*Defendants/Appellants*,

and

THE HUMANE SOCIETY OF THE UNITED STATES AND
CENTER FOR BIOLOGICAL DIVERSITY,
*Defendant-Intervenors/Appellees*.

On Appeal from the United States District Court
for the District of Columbia
_____

**RESPONSE TO ORDER TO SHOW CAUSE**
_____

Collette L. Adkins
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 595
Circle Pines, MN 55014-0595
Telephone: (651) 955-3821
cadkins@biologicaldiversity.org

Anna Frostic
THE HUMANE SOCIETY OF THE UNITED
STATES
2100 L Street NW
Washington, DC 20037
Telephone: 202-676-2333
afrostic@humanesociety.org

*Counsel for Defendant-Intervenors/Appellees*

On March 22, 2016, this Court ordered that Defendant-Intervenors/Appellees The Humane Society of the United States and Center for Biological Diversity ("Intervenors") show cause why this Court should not treat their Opening Brief and Reply Brief as briefs *amicus curiae* (Doc. No. 1605142). Intervenors respectfully submit the following in response.

Intervenors participated in the injunction proceedings below and were granted intervenor status prior to the filing of the government's notice of appeal. When Plaintiffs/Appellees ("USARK") filed an emergency Motion for a Temporary Restraining Order in the district court on April 1, 2015 (Dkt. 28), The Humane Society of the United States immediately moved for leave to file an *amicus curiae* brief (Dkt. 37) (instead of first moving to intervene given the expedited stage of the litigation). The district court granted the *amicus* motion from the bench on April 8, 2015.[1] On May 15, 2015, Intervenors moved to intervene in the district court (Dkt. 55). Then, on May 19, 2015, the district court issued a partial injunction, the order that is now on appeal (Dkts. 60, 61). The district court granted Intervenors' motion to intervene on July 6, 2015 (Dkt. 68). It was not until July 17, 2015 that the government filed a notice of appeal (Dkt. 71).

---

[1] The district court thereafter converted the TRO motion to a motion for preliminary injunction (relying in part on arguments raised in the *amicus* brief). The district court then explained, on May 12, 2015 (Dkt. 52), that it would issue a partial injunction, pending further briefing on the tailoring of such relief.

1

Intervenors' decision not to file a separate notice of appeal during the timeframe allotted under Rule 4 of the Federal Rules of Appellate Procedure was informed in part by our understanding of Circuit Rule 28(d), which states that "an intervenor is an interested person who has sought and obtained the court's leave to participate in an already instituted proceeding." Because we interpreted "already instituted proceeding" to apply to the litigation before the district court, where we were granted intervenor status, Intervenors believed that if the government ultimately decided to move forward with the appeal, we would be considered intervenors and allowed to brief the issues raised in the government's appeal without filing an independent notice of appeal.

Intervenors filed their briefs in compliance with the Court's orders and direction from the clerk's office. On September 21, 2015, this Court issued an order establishing a briefing schedule for appellants and appellees and classifying Intervenors as Appellees (and suggesting that Intervenors' brief in support of the government Appellants should be filed on the same day as Appellee USARK) (Doc. No. 1573973). Understanding that USARK might claim to be prejudiced if not given the opportunity to respond to Intervenors' brief, counsel for Intervenors called the clerk's office on October 7, 2015 to clarify the briefing schedule, and the clerk's office reiterated that Intervenors were to file an opening brief on the same day as Appellee USARK's response brief.

2

On October 9, 2015, government counsel contacted USARK and Intervenors regarding an extension to the briefing schedule, and on October 16, 2015, USARK, the government, and Intervenors filed a joint motion (Doc. No. 1578564) proposing an alternative briefing schedule. (Thus, USARK and the government consented to Intervenors filing an Opening Brief and Reply Brief and to the dates for the filing of those briefs.) On October 20, 2015, the Court entered an order adopting that schedule (Doc. No. 1578965), whereby Intervenors would file an opening brief one week after Appellants' brief and file a reply brief on the same day as Appellants. In adherence to that schedule, Intervenors timely filed their briefs, addressing only issues raised by Appellants in their notice of appeal.

Therefore, Intervenors made a good faith effort to comply with this Court's rules and orders and believed that we were authorized, as intervenors as of right to the district court proceeding and pursuant to the scheduling order in this appeal, to file the submitted Opening Brief and Reply Brief.  Intervenors focused their briefs on the issues raised in the government's notice of appeal and are not seeking to enlarge the scope of the appeal, contrary to the appellees in *Freeman v. B & B Assocs.*, 790 F.2d 145, 151 (D.C. Cir. 1986) (cited in the Court's show cause order). Further, Intervenors understand that this Court recently issued an order allotting time to the government and USARK for oral argument, and Intervenors are <u>not</u> requesting additional time to participate in the oral argument.

If the Court finds that Intervenors did not follow proper procedure in filing the briefs submitted in this appeal, Intervenors respectfully request that the Court consider both Intervenors' Opening Brief and Reply Brief as briefs *amicus curiae*, which were filed with the consent of Appellants and Appellees.

Respectfully submitted on this 25th day of March, 2016,

   /s/      Collette L. Adkins
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 595
Circle Pines, MN 55014-0595
Telephone: (651) 955-3821
cadkins@biologicaldiversity.org

/s/      Anna Frostic
THE HUMANE SOCIETY OF THE UNITED STATES
2100 L Street NW
Washington, DC 20037
Telephone: 202-676-2333
afrostic@humanesociety.org

*Counsel for Defendant-Intervenors/Appellees*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that the Response to Order to Show Cause was electronically filed with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit on March 25, 2016, by utilizing the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Respectfully submitted this 25th day of March 2016,

/s/       Collette L. Adkins

CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 595
Circle Pines, MN 55014-0595
Telephone: (651) 955-3821
cadkins@biologicaldiversity.org

*Counsel for Defendant-Intervenors/Appellees*